# CIRCUIT COURT OF THE CITY OF NORFOLK

Mary Dubina

v.

Clarence Boyd, etc.

January 13, 1999

Case No. (Law) L97-2659

BY JUDGE JEROME JAMES

This matter came before the court on defendant, Victoria A. Burke's, by counsel, Motion in Limine to exclude the introduction at trial of any portion of the plaintiff's medical bills or expenses, which were, are, or will be "written off," "discounted," or "adjusted" and on plaintiff, Mary E. Dubina's, by counsel, objection to this motion. Both counsel submitted extensive memorandum and documents in support of their respective arguments and agreed to allow the court to make its ruling based on their submittals.

After having carefully and thoroughly reviewed the submittals of counsel and the applicable statutory and case law, I have determined that the resolution of the issues presented in this motion is governed by the collateral source rule, which provides that a tortfeasor (defendant) should not be permitted to benefit *directly* or *indirectly* from the injured person's (plaintiff's) collateral benefits, i.e., insurance. Obviously, this language is broad enough in scope and application to include any benefits derived from an agreement or arrangement made between the plaintiff's insurance company and her health care provider. Therefore, any portion of the plaintiff's medical bills or expenses which were, are, or will be "written off," "discounted," or "adjusted" pursuant to the aforesaid agreement or arrangement are subject to the collateral source rule.

For the reasons stated in this letter, Defendant's Motion in Limine is overruled and her exception is duly noted.